TATE, Judge.
The sole issue raised by the defendant’s appeal is: Did the trial court abuse its discretion in awarding the plaintiff $3,500 general damages for personal injuries sustained in an automobile accident ?
The facts are virtually undisputed. The plaintiff, Guillory, was injured in an in-tersectional accident on October 29. His *877 automobile was totally demolished in the collision.
Guillory was hospitalized for twenty-four hours, having sustained lacerations of the scalp and arm (which were sutured), bruises and contusions all over his body, and a concussion.
Glass was removed from his scalp on this occasion, and more glass a week later. The residual scars are not disfiguring because beneath the hair.
Guillory’s most serious injury was to his left knee. As a result of a severe contusion and the consequent hemorrhaging, he suffered soft tissue injuries. Further, and persisting longest, the saphenous nerve underneath his kneecap was injured by the accident.
As a result of this knee injury, Guillory was disabled from working for about a month. (He did return to his day-time office job, but his co-workers corroborated his testimony of working only with appreciable pain.) He was forced to hire a replacement to handle his duties at the self-owned grocery he operated outside of office hours.
The evidence reflects that the knee injury caused limping for at least three to four weeks, and pain and discomfort for at least five months after the accident. The orthopedist examined him again for the residual some three months after the accident. This specialist estimated a recovery within the next several months, although he felt that the nerve or scar surrounding it should be excised if the pain persisted longer. Tr. 17.
Additionally as a result of the blow on the head, Guillory suffered a concussion. The headaches residual therefrom persisted for two-three weeks after the accident.
The trial court has great discretion in the award of general damages for personal injuries, which the reviewing court should not disturb in the absence of clear abuse. Civil Code Article 1934; Lo-menick v. Schoeffler, 250 La. 959, 200 So.2d 127. We find no such abuse here in the amount of $3,500 for the painful knee injury causing one month’s disability and an additional four months’ residual pain, considering also the painful and extensive lacerations, contusions, and bruises, and the concussion. See, e. g., Barrois v. Noto, La.App. 4th Cir., 215 So.2d 676; Bates v. Lagars, La.App.2d Cir., 193 So.2d 375.
We therefore affirm the award of the trial court. The defendant-appellant is to pay the costs of this appeal.
Affirmed.